**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ANGEL M. PONCE CELLAN,

Petitioner,

v. No. 1:26-cv-02268-DHU-LF

MARKWAYNE MULLIN, et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having considered the parties' briefs, the record, and the relevant law, the Court **GRANTS** the Motion.

Petitioner is a native and citizen of Ecuador who entered the United States without inspection on April 19, 2024. Doc. 7 at 1; Doc. 7-1 at 1. Since his entry, Petitioner has accrued no criminal history. Doc. 7 at 2. Following his entry, Petitioner was detained by immigration officials, issued a Notice to Appear, which charges him as a noncitizen present in the United States who has not been admitted or paroled, and placed in removal proceedings. Doc. 7-2 at 1. Petitioner was subsequently released pursuant to an Order of Release on Recognizance on April 21, 2024. Doc. 7-3 at 1.

Following his release, Petitioner established a life in the United States. He pursued his case with the Immigration Court and filed an Application for Asylum. Doc. 1 at 4. He also applied for and received an Employment Authorization Document ("EAD"), better known as a work permit, and worked for Amazon delivering packages. *Id.*

On June 16, 2026, Petitioner was re-detained by Immigrations and Customs Enforcement ("ICE"). Doc. 7 at 1-2. It does not appear that Petitioner was provided with a pre-deprivation

hearing. Doc. 1 at 4; Doc. 7 at 2. He was eventually transferred to the Cibola County Correctional Center in Milan, New Mexico, where he remains detained. Doc. 1 at 4.

Petitioner subsequently filed the instant Petition, where he argues that his re-detention without procedural process violates the Due Process Clause of the Fifth Amendment. *Id.* at 14.[1] He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from custody. *Id.* at 20.

Respondents do not address Petitioner's argument that his re-detention without procedural process violates the Due Process Clause. *See* Doc. 7. Respondents, instead, only address whether Petitioner is subject to 8 U.S.C. § 1225, and, therefore, subject to mandatory detention, or 8 U.S.C. § 1226, and, therefore, entitled to a bond hearing. *Id.* at 2-3. However, even on that issue, Respondents argue that "Petitioner is correctly classified as an 'applicant for admission' who is 'seeking admission' under Section 1225(b)(2)(A)," but acknowledge "that the Tenth Circuit has ruled otherwise in *Santillan Quiroz v. Mullin*," 180 F.4th 1226 (10th Cir. 2026), and that *Santillan Quiroz* is "binding on this Court." Doc. 7 at 2.

This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12 (D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11

---

[1] Petitioner also argues that Respondents' detained him without a warrant in violation of 8 U.S.C. § 1357(a)(2); Respondents' unlawful detention has restricted his access to courts in violation of the First and Fifth Amendment; and that Respondents have violated the Administrative Procedure Act ("APA"). *Id.* at 15-19.

(D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner, who entered without inspection in 2024, was detained within the United States, and was subsequently released on his own recognizance for over two (2) years, developed a protected liberty interest in his release. He was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents failure to provide him with a pre-deprivation hearing violated his procedural due process rights. The Court will, therefore, order his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Given the Court's finding that due process alone requires Petitioner's release, it is not necessary for the Court to decide whether Petitioner's detention is governed by Section 1225 or Section 1226. However, it is worth noting that in *Santillan Quiroz v. Mullin*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to Section 1226(a) and, therefore, entitled to an individualized bond hearing. 180 F.4th 1226, 1237 (10th Cir. 2026). The Court finds that *Santillan*

*Quiroz* controls here, where Petitioner entered the United States without inspection in 2024, was detained by immigration officials in the country and subsequently released on his own recognizance, and re-detained over two (2) years later while still residing in the country. Petitioner's detention is, therefore, governed by Section 1226(a).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner immediately, but no later than within **forty-eight (48) hours** of entry of this Order and subject him to the same terms as his original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide him with notice and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that he is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that Respondents shall submit a Status Report to the Court no later than **three (3) days** from the entry of this Order confirming Petitioner's timely release.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Status Conference (Doc. 8) is **DENIED AS MOOT.**

The Court will issue a separate Final Judgment but retain jurisdiction over the matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE